**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **YVETTE PETERS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |
| **GEOVERA SPECIALTY INSURANCE** | * | |
| **COMPANY** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *    *

<u>**NOTICE OF REMOVAL**</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, GeoVera Specialty Insurance Company ("GeoVera") ("Defendant"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, of the above-styled manner, which was originally filed in the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between all properly joined parties and the amount in controversy requirement is satisfied. The specific grounds for removal are as follows:

1.

Yvette Peters (hereinafter, "Plaintiff"), filed a lawsuit on July 26, 2023, styled *Yvette Peters versus GeoVera Specialty Insurance Company*, Civil Action No. 197091, on the docket of the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana (hereinafter, "State Court Action") against GeoVera Specialty Insurance Company. The suit arises out of alleged damages to Plaintiff's property as a result of Hurricane Ida.[1]

---
[1] *See* Copy of State Court Record attached as Exhibit 1.

Plaintiff alleges that her property located at 3220 Glenmore Ave., Houma, Louisiana 70363-5336, sustained damages as a result of Hurricane Ida. Plaintiff alleges that her insurer, Defendant, tendered insufficient funds to Plaintiff and intentionally delayed the process.[2] Plaintiff seek various damages based on the alleged loss occurring in Terrebonne Parish.[3]

## I. This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §1332.

2.

This Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

### A. Plaintiff is a Louisiana domiciliary.

3.

Plaintiff, Yvette Peters, is a natural person, of the full age of majority, domiciled in the Parish of Terrebonne, State of Louisiana.[4]

### B. The Defendant is diverse from the plaintiff.

4.

Defendant, GeoVera Specialty Insurance Company, is a foreign organization incorporated pursuant to the laws of the State of Delaware with its principal place of business in California. GeoVera is therefore domiciled in Delaware and California and diverse from Plaintiffs.[5]

5.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] Exhibit 2, Delaware Secretary of State filing.

The complete diversity requirements of 28 U.S.C. §1332(a) are satisfied in this case, because Plaintiff does not share citizenship with the Defendant.

**C. The amount in controversy, exclusive of interest and costs, exceeds $75,000.**

6.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.[6]

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[7]

7.

Plaintiff's Petition for Damages alleges that Plaintiff's "Public Adjuster documented $128,613.10 in damages to the Dwelling, and $22,335.80 in damages to Other Structures."[8]

8.

Plaintiffs seek to recover the following damages: "a. Diminution of the value of the Property; b. Actual repair costs; c. Costs of personal repairs at the Property; d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement; e. Additional living expenses, past, present, or future; f. Penalties delineated in La. R.S. 22:1892 and 22:1973; and g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action."[9]

---

[6] *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).
[7] *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993).
[8] Exhibit 1.
[9] Exhibit 1.

9.

Based on Plaintiffs' claims for the alleged contractual damages alone, it is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. §1332(a) as plaintiff claims over $150,000.00 in storm-related damage to the insured property. Moreover, plaintiffs claim entitlement to the exorbitant penalties allowed under La. R.S. 22:1892 and 22:1973.

10.

La. R.S. 22:1892 allows for "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorneys fees and costs." La. R.S. 22:1892(B)(1).

11.

Plaintiff also seeks damage under La. R.S. 22:1973. La. R.S. 1973 allows for the following penalties: "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

12.

Finally, in connection with plaintiff's claim for damages under La. R.S. 22:1973, Defendants notes that under Louisiana law, damages for mental anguish are recoverable under the statute imposing the duty on insurers to act in good faith and in engage in fair claims settlement

practices. Based on plaintiff's claim for damages under La. R.S. 22:1973, quantum research was performed to evaluate the amount in controversy, specifically as to mental anguish under La. R.S. 22:1973. Past mental anguish awards have been as much as $125,000. *Orellana vs. Louisiana Citizens Property Insurance Corporation*, 972 So.2d 1252, 1256 (La. App. 4 Cir. 12/05/07); *see also Leland vs. Lafayette Insurance Company*, 77 So. 3d 1078, 1090 (La. App. 3 Cir. 11/09/11). Based on the quantum research, the mental anguish damages under La. R.S. 22:1973 may total up to $125,000, if proven.

## II. The Procedural Requirements for Removal are Satisfied.

13.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing Terrebonne Parish, Louisiana – where the state court action is pending. *See* 28 U.S.C. §1441; 28 U.S.C. §98(a).

13.

Defendant's Notice of Removal was timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days Defendant's receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."

14.

In compliance with 28 U.S.C §1446(a), Defendant files and attaches copies of the Petition for Damages and all pleadings filed in Civil Action No. 197091, on the docket of the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana and served upon Defendant to date, including Plaintiff's Petition for Damages.

15.

Written notice has been given to all adverse parties, and a copy of the Notice of Removal was filed with the Clerk of the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana.

WHEREFORE, GeoVera Specialty Insurance Company, hereby gives notice that the proceeding bearing number Civil Action No. 197091, on the docket of the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, is removed to the docket of this Honorable Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Court Action, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

*/s/Bette R. Matheny* _____
**NICHOLAS P. ARNOLD, #31602**
narnold@bluewilliams.com
**BETTE R. MATHENY #37879**
bmatheny@bluewilliams.com
**BLUE WILLIAMS, L.L.C.**
3421 N. Causeway Boulevard, Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 849-3021
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of September 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court for the United States District Court for the Middle District of Louisiana by using the CM/ECF system. Notice of the filing will be sent to counsel of record via facsimile, e-mail and/or by depositing same in the United States mail, properly addressed first.

_____/s/ Bette R. Matheny___
**NICHOLAS P. ARNOLD**
**BETTE R. MATHENY**